**KOPELOVE, d. b. a. Kopelove Iron & Metal Co., Plaintiff-Appellee, v. HINSCH, d. b. a. Art Plate Mfg. Co., Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 436—Decided October 31, 1946.

Robert S. Miller, Troy, for plaintiff-appellee.
Baird Broomhall, Troy, for defendant-appellant.

## OPINION

By WISEMAN, J.

This is an appeal on law from the judgment of the Common Pleas Court of Miami County, Ohio, in favor of the Plain-

tiff-Appellee in the amount of $601.50 with interest from May 10, 1946.

The Defendant-Appellant, doing business as the Art Plate Manufacturing Company of Piqua, Ohio, on or about September 19, 1942, purchased an automatic screw machine from the Plaintiff-Appellee who conducts a junkyard and scrap business in Dayton, Ohio. The purchase price was $700 with a down payment of $100. About one week later the machine was delivered to the Defendant-Appellant's place of business in Piqua at which time he gave his check for the balance due of the purchase price in the amount of $600. The Defendant-Appellant upon learning that the machine was not complete, certain parts being lacking, stopped payment on the check. The Plaintiff-Appellee brought suit on the check. A jury being waived, the case was submitted to the Court.

The defendant for his defense pleaded a general denial and three separate affirmative defenses. The general denial was disposed of by stipulation of the parties wherein they agreed that the check was issued and that it had not been paid. For his second and fourth defense the Defendant pleaded a breach of warranty on which issue the Defendant carried the burden of proof. The third defense was that of fraud which must be sustained by clear and convincing proof.

The trial court found that the Defendant had not sustained the burden of proof and specifically held that "it does not appear that defendant has established either that there was a warranty of condition or fitness for purpose of this used and dismantled machine or that there was any fraud in the making of representation which induced the Defendant to purchase the machine."

For his assignments of error the Defendant-Appellant contends: First, that the judgment of the Court was against the manifest weight of the evidence; Second, that judgment should have been rendered for the Defendant; and, Third, that the Court erred in overruling the Defendant's motion for judgment at the close of the case.

The Defendant contends that there was an implied warranty that the machine was reasonably fit for the purpose for which it was intended. To prevail on this issue it was incumbent upon the Defendant to prove that he purchased the machine for a particular purpose and that this purpose was disclosed to the plaintiff.

The record shows that the Defendant had no particular use for the machine at the time and had no clear intention relative to the use to which the machine would be put. The Defendant so testified. The record does not show that the Defendant relied on the Plaintiff's judgment, neither is there

proof of a usage of trade. **Sec. 8395, GC, paragraphs 1 and 5.**

The contention of the Defendant that the Plaintiff warranted the machine to be complete in all its parts and suitable and adequate for the uses and purposes for which it was intended is not supported by the evidence. There is ample evidence to support the contention that the Defendant knew the machine had been taken into the Plaintiff's junkyard as scrap, that the machine was not complete, that additional parts would be needed to complete the machine and that the Defendant was so informed at the time of the purchase.

On the state of the record we are of the opinion that the judgment of the trial court was not against the manifest weight of the evidence. We also approve the conclusion of the trial court that the Defendant had not sustained the burden of proof in establishing a warranty or that the purchase was induced by fraud.

Finding no error in the record, the judgment is affirmed.

HORNBECK, PJ, and MILLER, J, concur.